IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GENE HOWELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01207-STA-jay |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER DISMISSING CLAIMS,
GRANTING PETITIONER LEAVE TO FILE AMENDED PETITION,
AND
DIRECTING CLERK TO SEND FORM

Petitioner Gene Howell has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Petitioner asserts that his trial counsel rendered ineffective assistance by "refus[ing] to interview and call defense witnesses" (Claim 1) and by "refus[ing] to present evidentiary facts to the jury." (*Id.* at 4.) The pleading is before the Court for initial review. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Rules"), Rule 4(b). For the following reasons, the claims are **DISMISSED** as inadequately pleaded, but Petitioner is **GRANTED LEAVE** to file an amended petition to correct the pleading deficiencies.

Although courts are to liberally construe *pro se* pleadings, where "claims are stated in the form of conclusions without any allegations of fact in support thereof," a § 2255 petition is "legally insufficient to sustain review." *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974); *accord Wogenstahl v. Mitchell*, 668 F.3d 307, 335 (6th Cir. 2012)

("[M]erely conclusory allegations of ineffective assistance . . . are insufficient to state a constitutional claim"). Howell does not explain, either in the Petition or by way of a memorandum in support of the Petition, which witnesses counsel should have interviewed and called at trial. Nor does he identify the evidentiary facts he believes counsel should have presented to the jury. Because both claims are conclusory, they are **DISMISSED**.

Nevertheless, the Court **GRANTS** Petitioner **LEAVE** to replead his claims to provide supporting facts. If he wishes to do so, he must file an amended petition on the Court's form within twenty-eight days of entry of this order. If additional time is needed to prepare the pleading, Petitioner may file a motion for an extension of time on or before the due date of the amended petition. Failure to file an amended petition will result in dismissal of the Petition without further notice. The Clerk is **DIRECTED** to send Petitioner a § 2255 form.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE
Date: September 28, 2022